430 P.2d 779

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Clem Eugene POPE, Defendant-Appellant.**

**No. 42.**

Court of Appeals of New Mexico.

July 14, 1967.

Calvin R. Neumann, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Edward R. Pearson, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

HENSLEY, Jr., Judge.

A grand jury in Curry County returned an indictment accusing two individuals with an attempt to commit a felony. The criminal statutes involved here are § 40A–28–1 and 40A–9–2, N.M.S.A.1953. A petit jury found both defendants guilty. Following sentence one defendant brings this appeal.

Prior to trial, the appellant filed a motion for a severance on the ground of anticipated prejudice. The motion was denied. At the close of the testimony the appellant moved for a new trial on the ground that his right to a fair trial had been prejudiced by having been jointly tried with his co-defendant. Again the motion was denied. The appellant seeks a reversal by reason of the two adverse rulings of the trial court. Since the essence of both motions is the same, the propositions were argued as one. It is urged that the fact situation here encountered required separate trials to avoid prejudice. The facts relied upon by the appellant as setting this case apart from the normal situation where attempted forcible rape is charged are:

1) that the prosecutrix was the wife of the appellant,

2) that the prosecutrix and the appellant were Caucasian,

3) that the co-defendant was a Negro, and

4) that the defendants would, and did, present antagonistic defenses.

Whether separate trials are to be held for defendants jointly indicted is a matter that must be addressed to and resolved by the sound discretion of the trial court. State v. Turnbow, 67 N.M. 241, 354 P.2d 533, 89 A.L.R.2d 461. In the case just cited there is an excellent summary of the applicable New Mexico cases as well as a statement of the test that is to be applied by the trial court and the reviewing court. Repetition here is not deemed to be necessary or expedient. The appellant points to the statements made by his co-defendant to a police officer that incriminated the appellant and it is claimed they were prejudical to him. The trial court first heard this evidence in the absence of the jury. After correctly finding it to be admissible it was repeated to the jury after the court carefully admonished the jury that it could only be considered in determining the guilt or innocence of the co-defendant and not for any purpose against the appellant. This procedure is in full compliance with State v. McDaniels, 27 N.M. 59, 196 P. 177, State v. Lord, 42 N.M. 638, 84 P.2d 80, and Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278. See also the annotation in 54 A.L.R.2d 830. The granting of a new trial or the denial of a request therefor is within the sound discretion of a trial court. This court will not disturb the decision of the trial court in such cases unless there has been a manifest abuse of discretion. Minor v. Homestake-Sapin Partners Mine, 69 N.M. 72, 364 P.2d 134 and Addison v. Tessier, 62 N.M. 120, 305 P.2d 1067. The evidence, consisting of the testimony of the prosecutrix, which was in part corroborated by neighbors, in part by the testimony of one or both of the defendants, and in part by other facts and circumstances, pointed so overwhelmingly to the guilt of appellant that there is no reasonable possibility that the admission into evidence of the statements of the co-defendant contributed to defendant's conviction. People v. Gilbert, 63 Cal.2d 690, 702, 47 Cal. Rptr. 909, 408 P.2d 365, 372 (1966), reversed on other grounds, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (U.S. June 12, 1967); see also Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171; Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The co-defendant testified at the trial, and his testimony, insofar as the implication of appellant in the commission of the offense with which he was charged and convicted is concerned, went far beyond and was much stronger than the contents of the statements to the police officer. Appellant was, thereupon, presented with and exercised his right of confrontation and cross-examination of his co-defendant. See Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934; Hill v. Deegan, 268 F.2d 580 (S.D.N.Y. April 19, 1967).

The record discloses no abuse of discretion and being free from error the conviction and sentence should be affirmed.

It is so ordered.

SPIESS and OMAN, JJ., concur.