460 P.2d 257

STATE of New Mexico, Plaintiff-Appellee,

v.

Harold MILTON, Defendant-Appellant.

No. 349.

Court of Appeals of New Mexico.

Oct. 10, 1969.

Daniel Sosa, Jr., Sosa & Garza, Las Cruces, for appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Chief Judge.

Convicted of armed robbery (§ 40A–16–2, N.M.S.A., 1953, defendant, Harold Milton, has appealed and claims that prejudicial error occurred in (1) the refusal of the trial court to postpone the proceedings so as to accord him the opportunity to produce a material witness, and (2) the denial of his motion for a new trial.

One evening two men entered and robbed a certain drugstore. A proprietor identified defendant, Milton, as one of the robbers. Defendant denied having been in the drugstore and testified as to his activities and whereabouts during the time of the robbery, and immediately prior thereto.

We need not elaborate upon details of defendant's testimony other than to say that he claimed to have been in the company of one Bessie Cooper, and during all material times was at her home. Bessie Cooper, although under subpoena, did not appear at the time of trial. It appears from the record that before the trial had commenced the absence of the witness, Bessie Cooper, was known to defendant's counsel and to the trial judge. When she failed to appear during the trial the sheriff was sent to locate her. The court and counsel for defendant were informed that the witness was hospitalized.

Upon concluding with the testimony of defense witnesses who were present in court, defendant's counsel requested "that the jury be asked to go to the hospital for the testimony of Bessie Cooper." This request was denied.

728

■ It is first urged, as we have said, that the trial court committed error in not postponing the proceedings so as to afford defendant an opportunity to produce the witness, Bessie Cooper. This contention, in our opinion, must fail. Defendant at no time requested a postponement, nor does the record disclose a refusal by the trial court. Consequently, it cannot properly be said that error was committed. We further add that this question, not being jurisdictional, cannot be raised for the first time on appeal. Section 21–2–1 (20), N.M.S.A., 1953; State v. Gray, 79 N.M. 424, 444 P.2d 609 (Ct.App.1968).

■ It appears to us that defendant further attempts to predicate error on the failure of the trial court, on its own motion, to take appropriate steps to enforce its process and secure the presence of the absent witness. Section 20–1–3, N.M.S.A., 1953, authorizes the issuance of a writ of attachment against the body of a witness who fails to respond to a subpoena. It is not, however, the obligation of the trial court to enforce its process in the absence of a request by a party interested in such enforcement.

The applicable rule is stated in State v. Mixen, 426 S.W.2d 92 (Mo.1968).

"There is no duty on a court to enforce its process *sua sponte*. When there has been a failure to respond to a subpoena the party desiring the evidence may apply to the court for an attachment of the body of the witness, § 491.150, RSMo 1959, V.A.M.S., or resort to contempt proceedings, but enforcement of the command of a subpoena in cases of noncompliance is ordinarily initiated by the party in interest and not by the court. Appellants made no effort in this direction, and there was no obligation on the court to act on its own motion under the circumstances."

■ We next consider the court's denial of defendant's motion for new trial. The motion, so far as pertinent here, is as follows:

"The Defendant was not allowed to present to the jury the testimony of Bessie Cooper, a material witness for the defense, who was prepared to testify as to the presence of defendant away from the scene of the crime at the time of its commission, although said witness had assured Defendant and his attorney that she would be available at the trial pursuant to the subpoena duly served upon her. Her absence being occasioned by her required admission to Memorial General Hospital in Las Cruces, New Mexico due to illness and that such corroborating evidence was indispensable to the defense."

It is fundamental that a motion for new trial is addressed to the discretion of the trial court and will be reversed only for a clear abuse of such discretion. Stehwein v. Olcott, 78 N.M. 95, 428 P.2d 634 (1967); State v. Pope, 78 N.M. 282, 430 P.2d 779 (Ct.App.1967). We see no abuse of discretion.

An answer to defendant's contention is that he proceeded to trial without objection knowing the witness, Cooper, was not present in the courtroom and, further, as has been previously pointed out in this opinion, made no application for a writ of attachment or other process of a nature appropriate to secure the presence of the absent witness. See State v. Williams, 335 Mo. 234, 71 S.W.2d 732 (1934), overruled on other grounds, State v. Williams, 337 Mo. 884, 87 S.W.2d 175, 100 A.L.R. 1503 (1935); Elsberry v. Great Northern Ry. Co., 265 Minn. 352, 121 N.W.2d 716 (1963). A case not strictly in point but which is enlightening in this connection is Miller v. Marsh, 53 N.M. 5, 201 P.2d 341 (1948), involving a motion for new trial based upon misconduct of a juror. The court made the following observation.

"A party cannot be permitted to sit by, after having knowledge of acts of this character and speculate upon the result, and complain only when the verdict becomes unsatisfactory to him."

During the hearing upon a motion for new trial the court heard and considered the testimony of the witness, Cooper, and concluded that it was not probable that a different result would have been reached had her testimony been produced at trial. We cannot say upon this record that the court abused its discretion. Compare Morrison v. Rodey, 65 N.M. 474, 340 P.2d 409 (1959); Floeck v. Hoover, 52 N.M. 193, 195 P.2d 86 (1948).

The judgment of the trial court is affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.