498 P.2d 695

STATE of New Mexico, Plaintiff-Appellee,

v.

Harold WRIGHT, Defendant-Appellant.

No. 854.

Court of Appeals of New Mexico.

June 2, 1972.

**4**

Oliver H. Miles, Las Cruces, for appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SUTIN, Judge.

Wright was convicted and sentenced for armed robbery. Section 40A–16–2, N.M. S.A. 1953 (Repl. Vol. 6). He appeals.

We affirm.

Wright claims, (1) the trial court erred in failing to grant a new trial in which to present the defense of entrapment; (2) the trial court erred in allowing the introduction of certain evidence.

### 1. *Wright was not Entitled to a New Trial.*

■ Wright claims that a police informer gave false testimony at trial which prejudiced him, and the informant excluded certain testimony of an exculpatory nature which would have allowed Wright to better urge the defense of entrapment. Therefore, Wright says he was entitled to a new trial.

■ A motion for a new trial is addressed to the discretion of the trial court and will be reversed only for a clear abuse of discretion. State v. Milton, 80 N.M. 727, 460 P.2d 257 (Ct.App.1969).

The trial court carefully considered the testimony given at the hearing on the motion for a new trial. It decided that the issues of false testimony and entrapment should have been tested on cross-examination during trial.

A review of the record fails to disclose an abuse of discretion by the trial court. A party cannot sit by, having knowledge of his acts and complain only when the verdict is against him. Compare State v. Milton, supra. This was most aptly stated by the trial court when after hearing all the testimony on the motion for the new trial stated, "Well, you just don't get two bites at the apple, that's all there is to it."

■ A review of the record reveals Wright relied upon an alibi defense. The

jury resolved the issue against him. Additionally, when the defense of alibi was offered during trial, the defense of entrapment is not available to a defendant who denies committing .the offense, because to invoke entrapment necessarily assumes the commission of at least some of the elements of the offense. State v. Garcia, 79 N.M. 367, 443 P.2d 860 (1968).

 Wright now contends that trial counsel did not measure up to the standards set forth in State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967), and other cases, which relate to inadequacy of counsel. He now asserts "Either trial counsel had no theory of the defense and was groping for any peg of evidence upon which to frame a defense, or he was attempting to fly in the face of State v. Garcia, supra, by raising inconsistent defenses and the canons of ethics by using perjured testimony." As we have previously stated, the record reveals evidence and a theory of the defense of alibi. There is no showing that counsel used perjured testimony. These contentions pertain to trial tactics and strategy over which the attorney has control. They do not necessarily amount to inadequacy of counsel. State v. Hines, supra. Before defendant can be heard to complain of inadequacy of counsel he must show that the proceedings leading to his conviction amount to a sham, a farce, or a mockery. State v. Wilson, 82 N.M. 142, 477 P.2d 318 (Ct.App.1970). No such showing is presented here.

2. *There was no Error in Allowing the Introduction of Certain Evidence.*

 Over Wright's objection, the state introduced in evidence a pair of black moccasins taken from Wright at the time of the arrest. Wright claims the moccasins were improperly seized and were not tied to the armed robbery. The moccasins were seized at the time of a lawful arrest and were admissible in evidence. State v. Ramirez, 79 N.M. 475, 444 P.2d 986 (1968). Wright contends the moccasins had no relevance to the material issue of the state's case, but were "window dressing." Error to be reversible must be prejudicial. State v. Vasquez, 83 N.M. 388, 492 P.2d 1005 (Ct.App.1971).

There is no showing that the evidence was prejudicial. State v. Ranne, 80 N.M. 188, 453 P.2d 209 (Ct.App.1969).

 Defendant further contends that the best that can be said "is that the moccasins constituted mere evidence" and were seized incident to an arrest and, therefore, their seizure was unlawful under State v. Paul, 80 N.M. 521, 458 P.2d 596 (Ct.App. 1969). *Paul* does not so state. *Paul* states that "mere evidence" may be seized but it did not change the law determining when an item might be seized. Defendant was arrested pursuant to a valid arrest warrant. The moccasins were used to corroborate the testimony of the police informer. A relevant reason for admitting evidence is corroboration of a witness. 2 F. Wharton, Criminal Evidence, § 673 (12th Ed.1955).

Affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.