620 P.2d 1287

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Placido PEREZ, Defendant–Appellant.**

**No. 12553.**

Supreme Court of New Mexico.

Dec. 31, 1980.

Louis G. Stewart, Jr., Albuquerque, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

FEDERICI, Justice.

Defendant, Perez, was tried for the murder of Juan Rael in Albuquerque. Ricky Garcia, an inmate of the State Penitentiary, was listed as a defense witness, though he was never subpoenaed. Garcia was transported to Albuquerque on the afternoon before he was to testify. He escaped from the parking lot of the Bernalillo Detention Center that afternoon. Prior to resumption of trial the following morning, a Wednesday, the defense moved for a continuance for a "reasonable period of time to allow Garcia to be captured and to testify." In the alternative, the defense moved for a

mistrial. The defense made an offer of proof as to Garcia's testimony and the motions were denied. On Thursday, the jury brought in a verdict of guilty. Garcia was captured approximately four hours later. Perez alleges that during the trial several prejudicial newspaper articles appeared in the Albuquerque Journal and Albuquerque Tribune concerning the proceedings. No newspaper articles appear in the record.

The following issues are presented on appeal:

(1) Whether the trial court abused its discretion in denying defendant's motion for a continuance based on the escape of one of defendant's material witnesses;

(2) Whether the trial court abused its discretion in denying defendant's motion for a new trial when Garcia had been recaptured and could have testified on material issues;

(3) Whether the trial court committed reversible error by failing to poll the jurors concerning their knowledge and opinions of the newspaper articles.

*POINT I*: Defendant moved for a continuance for a reasonable period of time until "he [witness Garcia] is available to testify." The court was faced with the absence of a witness incurred because he had escaped. Neither the court nor anyone else had any idea when Ricky Garcia would be recaptured. Certainly he was not going to testify at the trial until he had been captured. There was no real measure of how long a "reasonable" continuance might be.

Further, the defendant failed to show due diligence in securing the testimony of Ricky Garcia. No subpoena was served on him by the defendant and defendant also failed to take Garcia's deposition prior to trial. He had escaped, and the defense was unable to show reasonable grounds to believe that his attendance could be secured within a reasonable time.

Defendant urges that it was only four hours after the jury verdict that Ricky Garcia was captured and that therefore a one or two day continuance would have been

sufficient. At the time the motion for a continuance was denied, the trial court did not possess the luxury of hindsight. At the time the trial judge ruled on the motion for continuance there was no evidence upon which he could have determined that Garcia would be captured four hours after the verdict was returned. Under the facts known to the court at that time, the denial of the motion for a continuance was not an abuse of discretion.

It is a well settled standard of appellate review of rulings on motions for continuances that granting or denying continuances is within the sound discretion of the trial court, and in the absence of demonstrated abuse resulting in prejudice to the defendant there is no ground for reversal. *State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979).

*POINT II*: Defendant contends that a new trial should have been granted in the interest of justice. N.M.R.Crim.P. 45, N.M.S.A.1978 (Repl.Pamp.1980) governs motions for new trial. Rule 45(a) provides that a new trial may be granted if required in the interests of justice. The granting or denial of a motion for a new trial is addressed to the discretion of the court and should be reversed only for a clear abuse of that discretion. *State v. Manus, supra.*

We have previously set forth the evidence concerning defendant's lack of diligence in obtaining the testimony of witness Garcia. In addition, the record shows that the defendant presented the testimony of seven witnesses, including himself, which supported his theory that he was not at the scene of the murder. At most, if Garcia could have testified as to defendant's presence at the scene, that testimony would have been merely cumulative. The trial court did not abuse its discretion in denying the motion for a new trial under these facts.

*POINT III*: At the beginning of the fourth day of trial and during presentation of defendant's case, defendant moved for a mistrial based on an assertion of defense counsel that one of the jurors may have

read a newspaper article concerning Ricky Garcia's escape and that this article was so prejudicial that it would, at that time, prevent the defendant from receiving a fair trial. Defense counsel then asked the court to delay inquiring of the jury as to whether they had read the article and whether it would affect their verdict until after the verdict was in. The motion was denied. Defense counsel said that it would be impossible for defendant to receive a fair trial "at this point" and yet the court was not asked to inquire of the jury about the newspaper articles until after the verdict. An opportunity was available to make an evidentiary showing. Defendant did not avail himself of that opportunity.

In *State v. Campos*, 61 N.M. 392, 301 P.2d 329 (1956), this Court considered a similar claim of error. The defense counsel in *Campos*, as in the present case, made no showing that any member of the jury had read the article at issue. The *Campos* court first set out the text of the newspaper article for review of its prejudicial effect. In this case, the article was not made a part of the record and so this Court is unable to review it independently. It is, of course, defendant's responsibility to submit for the court's review everything necessary for its decision. *State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977); *State v. Carrillo*, 88 N.M. 236, 539 P.2d 626 (Ct.App.1975).

The granting of a mistrial lies within the trial court's discretion and review is for an abuse of that discretion. *State v. King*, 90 N.M. 377, 563 P.2d 1170 (Ct.App.1977). There was no showing that any juror had read the article. There was only a general allegation that the article was prejudicial because it might "paint" the character of the defendant in the same light as the witness. The trial court correctly denied the motion for a mistrial.

As to the motion for a jury poll regarding the article, N.M.R.Evid. 606(b), N.M.S.A.1978, contemplates such a poll in an inquiry into the validity of the verdict. However, defense counsel waited in this case until after the jury had been discharged to make his request. The court responded that such a poll should have been taken at the time it was first known and that there was no reason to believe that any juror had read the article and failed to follow the court's instruction in reaching a verdict. The defense request was untimely. N.M.R.Crim.P. 44(f), N.M.S.A.1978 (Repl. Pamp.1980) provides: "No irregularity in the rendition or reception of verdict of which the parties have been made award may be raised unless it is raised before the jury is discharged."

The refusal of the court to recall the jury and poll them regarding the newspaper article was not an abuse of discretion.

The verdict of the jury and the judgment and sentence of the trial court are affirmed.

IT IS SO ORDERED.

SOSA, C. J., and FELTER, J., concur.