652 P.2d 232

**STATE of New Mexico, Petitioner,**

v.

**John Paul CHAVEZ, Respondent.**

**No. 13769.**

Supreme Court of New Mexico.

Sept. 27, 1982.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for petitioner.

John B. Bigelow, Chief Public Defender, Lynne Corr, Asst. Appellate Defender, Santa Fe, for respondent.

### OPINION

EASLEY, Chief Justice.

Chavez was found guilty by a jury of two counts of first degree murder, one count of aggravated battery, and one count of unlawful carrying of a firearm in a licensed liquor establishment. The trial court, on its own motion, granted Chavez a new trial. The State appealed and the Court of Appeals affirmed. We granted certiorari and we now remand for further proceedings.

The issues: Whether the State has the right to appeal and whether a trial court may grant a new trial in a criminal case after a verdict of guilty, without expressly stating the grounds upon which the new trial is granted.

Approximately one month after the verdict was reached the trial court advised counsel that he had received a letter from one of the jurors allegedly impeaching the verdict. The trial court said, "The Court's well aware of the fact that a jury cannot impeach its own verdict." The court then remarked:

I was bothered about the way in which the jury came in at the time they indicated; I was particularly bothered my—I must say the case was well-tried; there's no question about it, on both sides.

The evidence was very conflicting from both sides, and under Rule 95 [sic], on the Court's own motion, I'm going to grant a new trial in the interest of justice, as to Counts I and II and III; not to Count IV, which I think there's no question that Mr. Chavez was guilty of.

The trial court later advised counsel that he meant Rule 45. *See* N.M.R.Crim.P. 45, N.M.S.A.1978 (Repl.Pamp.1980).

In a memorandum in opposition to summary affirmance, the State claimed: (1) that the trial court's consideration of a juror's letter impeaching the verdict in violation of N.M.R.Evid. 606(b), N.M.S.A.1978 was improper, or alternatively, (2) that the trial court abused its discretion in granting a new trial on the basis of conflicting evidence.

After reviewing the State's memorandum, the Court of Appeals granted summary affirmance, holding that the State is not an "aggrieved party" within the bounds of the New Mexico Constitution, N.M. Const. art. VI, section 2, and thus lacks statutory authority to appeal an order granting a new trial. The Court of Appeals further held that the trial court properly exercised its discretion in the interest of justice by granting a new trial when the judge had misgivings about the trial.

■ We hold that under article VI, section 2 of the New Mexico Constitution, the State may appeal this order granting a new trial. At stake here is the State's strong interest in enforcing a lawful jury verdict. We hold that when the jury reaches a verdict after a trial which is fair and free from error, and such a verdict is set aside, the State is aggrieved within the meaning of the New Mexico Constitution.

The Court of Appeals said in *State v. Pope,* 78 N.M. 282, 283, 430 P.2d 779, 780 (Ct.App.1967) (citations omitted):

The granting of a new trial or the denial of a request therefor is within the sound discretion of a trial court. This court will not disturb the decision of the trial court in such cases unless there has been a manifest abuse of discretion.

*See also State v. Perez,* 95 N.M. 262, 620 P.2d 1287 (1980); *State v. Milton,* 80 N.M. 727, 460 P.2d 257 (Ct.App.1969).

■ The State claims that the trial court based its decision to grant a new trial on one or both of two impermissible grounds. First, the State claims that the trial court erred in considering a letter from one of the jurors allegedly impeaching the verdict. It is clear that such a consideration would be improper. N.M.R.Evid. 606(b); *State v. Barela,* 91 N.M. 634, 578 P.2d 335 (Ct.App.),

*cert. denied,* 91 N.M. 610, 577 P.2d 1256 (1978). The trial court stated, "The Court's well aware of the fact that a jury cannot impeach its own verdict...." Thus, it is apparent that the trial court did not base its ruling on the letter.

Alternatively, the State claims that the trial court made its ruling on the grounds that the evidence was conflicting. In support of this assertion, the State refers to the transcript of the motions hearing in which the trial court granted the new trial. The only reference to conflicting evidence is the trial court's statement as set out above. This statement by itself is insufficient to clearly establish that it was the only basis for the court's ruling.

The court, however, stated that it was granting the new trial "in the interest of justice," as provided in Rule 45. N.M.R. Crim.P. 45(a), N.M.S.A.1978 (Repl.Pamp. 1980). The trial court has broad discretion in granting or denying a motion for new trial, and such an order will not be reversed absent clear and manifest abuse of that discretion. *State v. Perez, supra; State v. Milton, supra; State v. Pope, supra.* However, unless the trial court complies with the mandate of Rule 45, an appellate court cannot determine whether there has been an abuse of discretion. Rule 45(d) requires that a motion for new trial, "written or oral, shall fully set forth the grounds upon which it is based." N.M.R.Crim.P. 45(d), N.M.S.A.1978 (Repl.Pamp.1980). In order to preserve the opportunity for effective appellate review it is necessary that the trial court comply with this requirement when granting a *sua sponte* motion. The trial court in this case granted the new trial in the "interest of justice." "In the interest of justice" is not, however, the grounds upon which the motion was based, but the standard used by the court in determining that a new trial was required. *See* N.M.R. Crim.P. 45(a).

It is vital for purposes of review that the trial court give its reasons for granting a new trial. For instance, if a new trial is properly granted because of insufficient evidence to sustain the jury's verdict, retrial is precluded. *Hudson v. Louisiana,* 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).

We therefore reverse the Court of Appeals and remand the case to the trial court with instructions that the trial court enter an order fully setting forth the grounds for the court's *sua sponte* motion for new trial. Upon entry of the trial court's order, the parties shall have the right to appeal the order granting a new trial in light of the trial court's stated grounds.

IT IS SO ORDERED.

PAYNE, FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, specially concurring.

SOSA, Senior Justice, specially concurring:

I concur that the trial court should give its reasons for granting a new trial. I also agree with the remand to the trial court with instructions that the trial court enter an order setting forth its reasons for granting a new trial. I do not concur that the State should have a right of appeal from an order granting or denying a new trial. I believe this to be discretionary with the trial court. An appeal should not be allowed from such an order if the court properly states its reasons for granting a new trial.