877 P.2d 551 (1994)
117 N.M. 744
STATE of New Mexico, Plaintiff-Respondent,
v.
James Theodore GRIFFIN, Defendant-Petitioner.
No. 21136.
Supreme Court of New Mexico.
June 2, 1994.
*552 Sammy J. Quintana, Chief Public Defender, Amme M. Hogan, Asst. Appellate Defender, Santa Fe, for petitioner.
Tom Udall, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for respondent.

OPINION
RANSOM, Justice.
We issued our writ of certiorari to review an unpublished memorandum opinion of the Court of Appeals pursuant to NMSA 1978, Section 34-5-14(B) (Repl.Pamp.1991). 115 N.M. 409, 852 P.2d 682. Affirming the ruling of the Court of Appeals that an order granting a new criminal trial based on newly-discovered evidence was immediately appealable by the State, we reaffirm State v. Chavez, 98 N.M. 682, 652 P.2d 232 (1982) [Chavez I], but we overrule State v. Chavez, 101 N.M. 136, 679 P.2d 804 (1984) [Chavez II], and we limit an immediate appeal to issues of law.
Facts and procedural history. James Theodore Griffin was convicted of one count of distribution of a controlled substance under NMSA 1978, Section 30-31-22(A)(1) (Repl.Pamp.1989). Alleging that he had obtained newly-discovered evidence, Griffin moved for a new trial under SCRA 1986, 5-614 (Repl.Pamp.1992). The court granted the new trial. The State appealed to the Court of Appeals, claiming legal error in that Griffin failed to meet the requirements for a new trial based on newly-discovered evidence as set forth in State v. Volpato, 102 N.M. 383, 384-85, 696 P.2d 471, 472-73 (1985). The State argued that under Chavez I it could immediately appeal the order and avoid the expense and delay of another full trial. Finding that under Chavez I the State is constitutionally entitled to appeal an order granting a new trial, the Court of Appeals *553 apparently assumed without discussion that Chavez I implied that the order was immediately appealable. The Court of Appeals reversed the trial court, holding that the trial court erred in granting the new trial because Griffin's "newly-discovered evidence" did not meet the six-prong test as required by Volpato. The issue before this Court, therefore, concerns the timing of an appeal of an order granting a new criminal trial: May the State appeal before final judgment in the subsequent trial?
Chavez I. The Court in Chavez I made two holdings. First, it held that even though there is no statutory authority for the State to appeal a motion for a new trial,[1] the State has a constitutional, absolute right to appeal an order granting a new trial. 98 N.M. at 683, 652 P.2d at 233. The Court's rationale for that holding was that the State has a "strong interest in enforcing a lawful jury verdict." Id. The Court held that when a verdict is set aside after a fair trial that is free from error, the State is aggrieved within the meaning of Article VI, Section 2 of the New Mexico Constitution.[2]Id. The second holding of the Chavez I Court was that because the trial court had not complied with the procedural rule requiring the court to fully set forth the grounds on which the order granting a new trial was based, the case had to be remanded. Id. at 684, 652 P.2d at 234. Although implicit in the Court's review was a determination that appeal of the order granting new trial could be taken before retrial, this Court did not specifically address why the interlocutory order was immediately appealable by the State.
Chavez II. On appeal after remand, this Court determined in Chavez II that the trial court manifestly abused its discretion in ordering a new trial. 101 N.M. at 138, 679 P.2d at 806. In following the mandate of Chavez I to set forth fully the grounds upon which the order for new trial was based, the trial court stated that the overwhelming evidence was against a conviction for first-degree murder; that the court's instructions were confusing to the jury, as demonstrated by the fact that the jury answered a question that it was instructed to answer only if it found second-degree murder; and that the depraved-mind murder theory was not supported by the evidence, but the court could not say that the jury did not find Chavez guilty upon that theory. Id. at 137-38, 679 P.2d at 805-06. On appeal, this Court's major objection was to what it considered a reweighing of the evidence and the credibility of witnesses. Id. at 138, 679 P.2d at 806.
The implicit holding of Chavez II is that if no legal error is claimed, the trial court may not overturn the verdict simply because it disagrees with the verdict. While we generally agree with that statement, this Court is now of the opinion that the Chavez II Court reached the wrong result for two reasons. First, although the factfinder is indeed responsible for weighing the evidence and determining credibility, it has long been *554 held at common law that when there is such overwhelming evidence against conviction that it is apparent to the trial court that injustice has been done, the court has the duty to grant a new trial. See, e.g., Territory v. Webb, 2 N.M. (Gild., E.W.S. ed.) 147, 156 (1881) (stating that in a criminal trial "[w]here the evidence is contradictory and the verdict is against the weight of evidence... a new trial may be granted by the court trying the cause in their discretion"); Ruhe v. Abren, 1 N.M. (Gild., E.W.S. ed.) 247, 254 (1857) (overruling trial court's refusal to grant new trial and stating "it is a sound rule, and recognized by the best authorities, that a new trial will be granted where the weight of evidence is clearly in favor of the applicant, and it appears that justice has not been done").
Without discussion, the majority in Chavez II departed from the common law established in New Mexico, basing its holding that the trial court may not act as a "thirteenth juror" on State v. Williams, 96 Wash.2d 215, 634 P.2d 868 (1981) (en banc). See 101 N.M. at 138, 679 P.2d at 806. A re-examination of Williams, however, shows that the analysis of the Williams court is flawed. The Williams court based its holding upon a civil case in which the trial court erroneously granted a judgment notwithstanding the verdict. See Williams, 634 P.2d at 872-73 (quoting standard from Rettinger v. Bresnahan, 42 Wash.2d 631, 257 P.2d 633, 635 (1953)). Of course, as the Court of Appeals had noted in its Chavez II opinion (adopted by Justice Sosa in dissent), the standard the trial court uses in determining whether to grant a judgment notwithstanding the verdict or directed verdict of acquittal is vastly different from that of new trial.
On a motion for judgment of acquittal, the court is required to approach the evidence from a standpoint most favorable to the government, and to assume the truth of the evidence offered by the prosecution. If on this basis there is substantial evidence justifying an inference of guilt, the motion for acquittal must be denied.
On a motion for new trial, however, the power of the court is much broader. It may weigh the evidence and consider the credibility of witnesses. If the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted.
Chavez II, 101 N.M. at 141, 679 P.2d at 809 (Sosa, J., dissenting) (quoting 3 Charles A. Wright, Federal Practice and Procedure § 553 (1982) (footnotes omitted)) (emphasis added); see also Tibbs v. Florida, 457 U.S. 31, 37-42, 102 S.Ct. 2211, 2215-18, 72 L.Ed.2d 652 (1982) (distinguishing between the two standards and holding that retrial of a defendant after a ruling that a guilty verdict is against the weight of the evidence is not barred by double jeopardy principles). In departing from a previous case that held that a court may grant a new criminal trial if there is a "substantial conflict in the evidence upon controlling issues," Williams, 634 P.2d at 875 (quoting State v. Brent, 30 Wash.2d 286, 191 P.2d 682, 689 (1948) (en banc)), the Williams court adopted the Rettinger language without noting the crucial distinction between the two cases. Also, the Williams court expressed a concern that the Brent holding was incompatible with Hudson v. Louisiana, 450 U.S. 40, 43-44, 101 S.Ct. 970, 972-73, 67 L.Ed.2d 30 (1981), which held that a finding of legal insufficiency of the evidence barred retrial by reason of double jeopardy. Williams, 634 P.2d at 875-76. In light of the holding of Tibbs, it is clear that the court's concern is not valid. The Chavez II majority cited only one other opinion in support of its conclusion, People v. Gennings, 196 Colo. 208, 583 P.2d 908 (1978) (en banc), which we note is also a case in which the trial court granted a judgment notwithstanding the verdict.
We agree with the Court in Chavez II that a trial court may not "substitute its judgment for that of the jury, simply because it may disagree with the verdict," 101 N.M. at 138, 679 P.2d at 806 (quoting Williams, 634 P.2d at 872), but we do not believe that is what the trial court has done when it rules that the overwhelming weight of the evidence is against conviction. When the trial court reaches this conclusion, it is stating not just that it disagrees, but that the evidence so heavily preponderates against the verdict that there evidently has been a miscarriage *555 of justice. Cf. In re Petition for Writ of Prohibition, 312 Md. 280, 539 A.2d 664, 685-86 (1988) (citing cases representing the "greater weight of authority" that accept the principle that a judge may grant a new trial when the weight of the evidence is against the verdict, refusing to "embrace the thirteenth juror rule eo nomine" because the name of the rule tends to confuse, and holding that "reviewing weight of the evidence of necessity involves a weighing process, and part of that weighing may implicate consideration of credibility"). The trial court in Chavez II believed that the testimony of the three men involved in the incident was so internally conflicting and self-serving as compared to the testimony of disinterested witnesses that supported the defendant's theory of self defense that it was likely a miscarriage of justice had occurred. The trial court did not abuse its discretion in granting a new trial on this basis.
The second reason we believe the Chavez II court reached the wrong result is that it apparently overlooked the trial court's enumeration of sufficient indicia of unfairness to warrant the grant of a new trial apart from the overwhelming evidence against the verdict. See Chavez II, 101 N.M. at 139, 679 P.2d at 807 (analyzing the question of confusing jury instructions only on the basis that they are uniform instructions and without consideration of the manner in which they were presented or of the conflicting answers made in response to the instructions). It appears that the Chavez II majority considered only whether legal error existed to support the grant of a new trial. Yet, as we have discussed above, it has long been the law in New Mexico that a new trial also may be granted because of factual error or because the trial court subjectively believes that substantial justice has not been done. See, e.g., Territory v. Pettine, 16 N.M. 40, 47, 113 P. 843, 844 (1911) (stating that a motion for a new trial calls attention to "errors of law and errors of fact, or of matters within the discretion of the trial court"). The trial court's subjective view that in fact the trial was unfair (because the jury was confused by the instructions and it may have convicted the defendant on a theory that was not supported by the evidence) should not have been second-guessed by this Court if it was supported by some evidence in the record. A factual finding of this nature is always better made by the judge who presided over the trial.
Standard of review for grant of a new trial based upon legal error. The standard of review of an order granting or denying a new trial is clear and unmistakable abuse of discretion. See State v. Romero, 42 N.M. 364, 370, 78 P.2d 1112, 1116 (1938). The analysis used for determining if the court correctly found that a new trial should be granted on the basis of newly-discovered evidence is set out in Volpato, 102 N.M. at 384-87, 696 P.2d at 472-75 (examining de novo whether the evidence fulfills all requirements). We adopt the two-prong test set out in State v. Gonzales, 105 N.M. 238, 731 P.2d 381 (Ct.App.1986), cert. quashed, 105 N.M. 211, 730 P.2d 1193 (1987), for determining if a court abused its discretion in granting a motion for a new trial based on the conclusion that legal error was committed during the trial: "[F]irst, a determination of whether the grant of a new trial is based upon legal error; second, a determination of whether the error is substantial enough to warrant the exercise of the trial court's discretion." Id. at 241, 731 P.2d at 384.[3]
When an appeal may be taken. As we stated above, the central issue in this case is when an appeal may be taken. In Olguin v. State, 90 N.M. 303, 305, 563 P.2d 97, 99 (1977), this Court stated that the absolute right of appeal "is provided for in the Constitution while the means for exercising that right are properly controlled by rules of procedure." In Gutierrez v. Brady, 45 N.M. 209, 212, 113 P.2d 585, 587 (1941), we held that a motion for new civil trial based on newly-discovered evidence "should be deemed a petition for a final order affecting a substantial right made after the entry of final *556 judgment" and therefore was immediately appealable under the former statute (now codified as NMSA 1978, Section 39-3-15 (Repl.Pamp.1991)). The statute states that any interlocutory order that practically disposes of the merits of an action or any final order after entry of judgment that affects substantial rights may be appealed by an aggrieved party within thirty days from the entry of decision. The rationale for the holding was that the prevailing party should not be deprived of the immediate fruits of his judgment without being allowed an immediate short appeal. Gutierrez, 45 N.M. at 212-13, 113 P.2d at 587. In 1991, however, NMSA 1986, 12-201(D) (Repl.Pamp.1992) was amended to state that orders granting new trials in civil cases are not appealable.[4]
The trial court must clearly set forth the grounds for grant of a new trial. Chavez I, 98 N.M. at 684, 652 P.2d at 234. Although we reaffirm that the State may appeal an order granting a new trial in a criminal case, see id. at 683, 652 P.2d at 233, we limit an immediate appeal to an order in which it is claimed the grant of a new trial was based on an erroneous conclusion that prejudicial legal error occurred during the trial or that newly-discovered evidence warrants a new trial.
The State, as an "aggrieved party," may enjoy its constitutional right of appeal after judgment in a new trial that follows an exercise of the court's discretion in granting such trial based upon a subjective belief that a miscarriage of justice occurred. Allowing an appeal after the second trial would not offend the prohibition against double jeopardy because reversal on appeal would not lead to another trial but to reinstatement of the original jury verdict. The State, however, would bear a heavy burden, indeed, to establish such an abuse if the second trial resulted in an acquittal, because an acquittal implies that the trial court must have been correct in the exercise of its discretion. "Pure questions of law offer no difficulty, but when ... the order is granted because of the very atmosphere of the courtroom, there is unanimity of judicial opinion that an appellate court will not substitute its judgment for that of the trial court." State v. Taylor, 60 Wash.2d 32, 371 P.2d 617, 621 (1962) (en banc) (citing for support People v. Canfield, 173 Cal. 309, 159 P. 1046 (1916), State v. Miller, 154 Kan. 267, 118 P.2d 561 (1941), State v. Sorenson, 73 Nev. 218, 315 P.2d 508 (1957), State v. McEnroe, 68 N.D. 615, 283 N.W. 57 (1938), and State v. Lambert, 60 S.D. 172, 244 N.W. 118 (1932)). "There is a fundamental difference between the question[s] presented ... because of [the trial court's] peculiar advantage in observing the effect on the jury of prejudicial evidence.... [A] much stronger showing is required to overturn an order granting the new trial than denying a new trial." Taylor, 371 P.2d at 622-23.
Mixed questions of law and fact or discretion. If the grant of a new trial is (1) based upon both a belief by the trial court that prejudicial legal error has been committed and the court's findings of other indicia of unfairness, and if (2) the appellate court determines that legal error was not in fact committed or was not prejudicial to the defendant, and (3) the trial court did not make clear that it would grant a new trial on any one of the alternative grounds, we agree with Judge Hartz's dissent in State v. Danek, 117 N.M. 471, 872 P.2d 889 (Ct.App.1993) (Hartz, J., dissenting in part), cert. granted, 117 N.M. 524, 873 P.2d 270 (1994), that the case should be remanded to the trial court for a determination of whether it still believes that the motion for new trial should be granted on the sole basis left after appeal. See, e.g., Swafford v. State, 112 N.M. 3, 17 n. 11, 810 P.2d 1223, 1237 n. 11 (1991) (remanding case for resentencing because this Court did not "know the relative weights the trial judge attached" to the two considerations in sentencing, one of which was determined to be invalid).
Application. The sole basis for the order granting a new trial in this case was a conclusion that there was newly-discovered evidence that warranted a new trial. This is an immediately appealable order because it presents a question of law easily reviewed by *557 an appellate court and not a question of fact as to the correctness of a discretionary ruling. The Court of Appeals stated that Griffin "does not specifically refute our proposal that his motion for a new trial failed several prongs of the Volpato test." We affirm the Court of Appeals.
IT IS SO ORDERED.
FRANCHINI and FROST, JJ., concur.
NOTES
[1] NMSA 1978, Section 39-3-3(B) (Repl. Pamp.1991) grants authority to the state to appeal criminal cases in only two circumstances: within thirty days from an order dismissing a complaint, indictment or information (which is a final order); and within ten days from an order suppressing evidence or requiring the return of seized property (which is an interlocutory order). In State v. Santillanes, 96 N.M. 482, 632 P.2d 359 (Ct.App.1980), aff'd in part and rev'd in part on other grounds, 96 N.M. 477, 632 P.2d 354 (1981), the Court of Appeals held that Section 39-3-3 is not a restriction on the right of the state to appeal a disposition contrary to law. Id. at 486, 632 P.2d at 363. The section "merely ... identifies circumstances permitting ordinary and interlocutory appeals." Id.
[2] As amended in 1965, Article VI, Section 2 of the Constitution states that "the supreme court shall exercise appellate jurisdiction as may be provided by law; provided that an aggrieved party shall have an absolute right to one appeal." Before the 1965 amendment, Section 2 extended appellate jurisdiction to all final judgments, but jurisdiction of interlocutory orders only "as may be conferred by law." The amendment thus added the absolute right to one appeal and eliminated the distinction between final and interlocutory orders. Before the amendment, this Court held that Section 2 did not grant the state a right to appeal apart from its statutory authority. See State v. Chacon, 19 N.M. 456, 460, 145 P. 125, 126 (1914). The phrase "provided by law" generally means "provided by statutes," State v. Watson, 82 N.M. 769, 772, 487 P.2d 197, 200 (Ct. App.1971), and "aggrieved party" means a party whose personal interests are adversely affected, State v. Castillo, 94 N.M. 352, 354, 610 P.2d 756, 758 (Ct.App.), cert. quashed, 94 N.M. 675, 615 P.2d 992 (1980).
[3] We note that Gonzales does not discuss grant of a new trial based upon whether the "overwhelming weight" of the evidence was against conviction, warranting a new trial "in the interest of justice," perhaps because that Court interpreted the Chavez II "thirteenth-juror" rationale as precluding a new trial for any reason other than legal error.
[4] Of course, this means that the orders are not immediately appealable.