This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                              **NO. 29,918**

**FERNANDO RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals his conviction for aggravated battery with a deadly weapon. We proposed to affirm in a calendar notice. Defendant has responded to that notice with a memorandum in opposition. We have carefully considered Defendant's arguments, but we are not persuaded that affirmance is not the correct disposition in this case. We therefore affirm.

Defendant again claims that the evidence presented below was insufficient to support his conviction for aggravated assault with a deadly weapon. As discussed in our calendar notice, the State presented evidence that Defendant hit the victim in the head using a baseball bat. The jury, in order to find that the baseball bat was a deadly weapon, had to find that the bat when used as a weapon could cause death or great bodily harm. The State presented evidence that the victim fell to the ground when he was hit, he was bleeding, he had no memory of what happened after he was hit on the head, and 24 staples were required to close the wound to his head. The evidence presented by the State was sufficient to support Defendant's conviction. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Therefore, the district court did not err in denying Defendant's motions to dismiss or for directed verdict.

Defendant continues to argue that he was entitled to an instruction on self defense. [RP 76–proffered instruction with comment, "Refused, lack of evidence"] Defendant claims that he was put in fear by a "beer-bottle/rock barrage" and he was therefore justified in using a baseball bat to defend himself. [MIO 7] As we noted in our calendar notice, for a self-defense instruction to be tendered to the jury, there must have been evidence to show that it was reasonably necessary for Defendant to have believed that he had to use a baseball bat to repel an attack, to save himself from death or great bodily harm. *See State v. Coffin*, 1999-NMSC-038, ¶ 12, 128 N.M. 192, 991 P.2d 477. The evidence presented below was that beer bottles were thrown at a car and others engaged in fist fights. [MIO 1] However, there was no evidence presented to show that the victim used fists, bottles, or any other weapon in such a manner that Defendant was reasonably put in fear of suffering great bodily harm or death. There was no evidence to justify Defendant's use of a baseball bat to beat the victim in the head. *See State v. Duarte*, 1996-NMCA-038, ¶ 4, 121 N.M. 553, 915 P.2d 309. Therefore, the instruction on self defense was properly refused.

Defendant continues to argue that he should have been granted a new trial based on a lack of sufficient evidence to show that Defendant was the person who used a baseball bat to hit the victim. Defendant claims that the State failed to conduct any

DNA tests and the State refused to see that Defendant was a victim in this case. As discussed above, the State presented sufficient evidence from eyewitnesses to show that Defendant hit the victim in the head with a baseball bat. The district court did not abuse its discretion when it denied Defendant's motion for new trial. *See State v. Chavez*, 98 N.M. 682, 684, 652 P.2d 232, 234 (1982).

Based on the discussions above and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED**.


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**LINDA M. VANZI, Judge**


_____

**TIMOTHY L. GARCIA, Judge**

4