This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: November 9, 2017**

**NO. S-1-SC-35666**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JASHON WARREN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
Jacqueline Flores, District Judge

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**DISPOSITIONAL ORDER OF AFFIRMANCE**

**VIGIL, Justice.**

{1}     This matter having come before the Court by way of a transfer order from the Court of Appeals pursuant to Rule 12-102(A)(1) NMRA as a matter in which a life sentence may be imposed, and each member of the Court having studied the briefs, engaged in oral argument, and being otherwise fully informed on the issues and applicable law; and

{2}     The members of this Court having unanimously concurred that there is no reasonable likelihood that a decision or opinion of the Court under the instant facts would materially advance the law of New Mexico; and

The members of the Court having unanimously agreed to invoke the Court's discretion under Rule 12-405(B)(2) NMRA to dispose of a case by order, decision, or memorandum opinion rather than formal opinion;

**IT IS THEREFORE ADJUDGED THAT:**

{3}     This appeal arises from the district court's order granting a new trial after it found verdict forms pertaining to a severed count at the bottom of the stack of instructions and verdict forms that had been given to the jury for their deliberations.

{4}     Appellee Jashon Warren (Defendant) was charged with Count 1: first-degree

murder by a deliberate killing or, in the alternative, by felony murder; Count 2: shooting at or from a motor vehicle; and Count 3: possession of a firearm or destructive device by a felon. Before trial, the parties agreed that subjecting Defendant to charges under Count 3, possession of a firearm or destructive device by a felon, would prejudice him and therefore the district court severed Count 3 and ordered it to be tried separately. Defendant was tried on Counts 1 and 2.

{5}     The jury was instructed on first-degree murder by a deliberate killing, second-degree murder with a firearm enhancement, voluntary manslaughter with a firearm enhancement, shooting at or from a motor vehicle, and first-degree murder (felony murder). In addition, the district court gave the jury general instructions, including that they were to consider the instructions as a whole, that each crime was to be considered separately, and that they were to determine the facts from the evidence produced in court.

{6}     The jury returned a guilty verdict on Count 1, first-degree murder by deliberate killing. The jury did not sign any of the verdict forms for Count 2, shooting at or from a motor vehicle. After taking the verdict, the district court polled and then discharged the jury. Later, the district court discovered three verdict forms for the severed Count 3, possession of a firearm or dangerous device by a felon, at the bottom of the pile of

instructions and verdict forms that had been given to the jury for deliberation. Upon discovering these verdict forms, the district court immediately called counsel back to court. Defense counsel moved for a mistrial or, in the alternative, a new trial.

{7} The district court was certain that the forms went back with the jury during deliberations because they were not separated from the other instructions. The district court also recognized that it did not know if the jury had seen or read the improper verdict forms. Defense counsel and the district court both recalled that the State had prepared the jury instructions and that neither the district court nor defense counsel had checked them. The district court accepted responsibility.

{8} Defendant filed a "motion for new trial, motion for a mistrial nunc pro tunc, request for evidentiary hearing." The State responded with its "brief regarding the effects of extraneous information unintentionally given to the jury."

{9} After hearing the arguments of the parties at a hearing on Defendant's motion, the district court stated, "I have to be confident that this defendant got a fair trial. . . . I think it would prejudice a typical juror if they knew the defendant was a convicted felon." Finding further that the verdict forms for the severed count had reached the jury room, the district court entered an order granting Defendant's motion for a new trial. The State appealed the district court's order granting a new trial.

4

{10} We review the district court's decision to grant a new trial under an abuse of discretion standard. *State v. Griffin*, 1994-NMSC-061, ¶ 9, 117 N.M. 745, 877 P.2d 551. If there are "reasons both supporting and detracting from a trial court decision, there is no abuse of discretion." *State v. Moreland*, 2008-NMSC-031, ¶ 9, 144 N.M. 192, 185 P.3d 363 (internal quotation marks and citation omitted).

{11} The State argues that the district court abused its discretion by granting a new trial without evidence that the jury saw or were influenced by the verdict forms for the severed count. We disagree. In *State v. Jojola*, this Court held that:

> (1) a presumption of prejudice which the State must dispel only arises from an "improper communication" between judge and juror; (2) an "improper communication" occurs when the substance of the ex parte communication "relates to the issues of the case"; and (3) a communication that does not "relate to the issues of the case" (that is, a "housekeeping matter") generally does not give rise to a presumption of prejudice.

2006-NMSC-048, ¶ 6, 140 N.M. 660, 146 P.3d 305. Under this standard, the district court did not abuse its discretion by granting a new trial.

{12} First, the inclusion of these verdict forms with the material for deliberation was a "communication between judge and juror [.]" *Id.* (internal quotation marks omitted). The district court was certain the improper verdict forms were given to the jury, for which the district court took responsibility. The improper verdict forms were in the

stack of material given to the jury for use in their deliberations and the district court instructed the jury to consider their instructions as a whole. We presume that juries follow the instructions given to them by the district court. *State v. Benally*, 2001-NMSC-033, ¶ 21, 131 N.M. 258, 34 P.3d 1134; *State v. Smith*, 2001-NMSC-004, ¶ 40, 130 N.M. 117, 19 P.3d 254.

{13}   Second, the improper verdict forms were related to the issues of the case. *Jojola*, 2006-NMSC-048, ¶ 6. The verdict forms for Count 3 were related to the same underlying circumstances as Counts 1 and 2 and were originally brought in the same action by the State.

{14}   We conclude that giving the improper verdict forms to the jury before deliberations constituted an "improper communication" and thus gave rise under *Jojola* to the presumption of prejudice. The State had the burden to rebut this presumption and failed to do so.

{15}   Having concluded that the verdict forms would prejudice a typical juror, the district court did not abuse its discretion by granting Defendant's motion for a new trial. The district court was certain that verdict forms for a count previously severed to avoid prejudice to Defendant were in the jury room during deliberations. The district court acted in response to its own "improper communication" to ensure that

Defendant received a fair trial. Under these circumstances, it was not an abuse of discretion for the district court to presume prejudice and grant a new trial.

{16}    **WE AFFIRM.**

{17}    **IT IS SO ORDERED.**

_____
**JUDITH K. NAKAMURA, Chief Justice**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**CHARLES W. DANIELS, Justice**

_____
**BARBARA J. VIGIL, Justice**