This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                          **NO. A-1-CA-36600**

**ELIZABETH MARTINEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Laurie Blevins, Assistant Attorney General
Albuquerque, NM

for Appellant

Theresa M. Duncan
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1} The State appeals from the district court's order granting Defendant a new trial. In this Court's notice of proposed disposition, we proposed to summarily affirm. The State filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**District Court's Jurisdiction to Rule on Motion to Reconsider**

{2} In its docketing statement, the State argued that the district court lacked jurisdiction to rule on Defendant's motion to reconsider that was filed five months after the district court denied the initial motion and five months after the New Mexico Supreme Court issued its opinion in *State v. Nichols*, 2016-NMSC-001, 363 P.3d 1187. [DS 11] In this Court's notice of proposed disposition, we noted that Defendant's motion to reconsider the order denying her motion for judgment notwithstanding the verdict, or, in the alternative, a motion for a new trial was filed *prior to sentencing*. [CN 3] We further noted that the State did not provide any authority to support its argument that a motion to reconsider filed *before* a final judgment is untimely. [CN 3-4]

{3} Instead of pointing out errors in fact or law with our proposed disposition as it related to the argument made in the docketing statement, the State has recharacterized its argument. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in

fact or law."). In its memorandum in opposition, the State argues that this Court's analysis "fails to consider that Defendant's [m]otion . . . challenged the sufficiency of the causation evidence." [MIO 3] According to the State, "[t]he issue here is not that the subsequent trial court lacked jurisdiction, but rather that the rules of statutory construction *should have* precluded the grant of a new trial on this ground." [MIO 3 (emphasis added)] In support of this argument, the State relies on Rule 5-607(E), (K) NMRA (discussing the district court's role in determining whether there was sufficient evidence during a trial); Rule 5-701(A) NMRA (providing that "[t]he judgment and sentence shall be rendered in open court and thereafter a written judgment and sentence shall be signed by the judge and filed"); Rule 5-614 NMRA (discussing the rules of criminal procedure for a motion for new trial). [MIO 3-5]

{4} We are not persuaded that our proposed disposition was incorrect. Moreover, having looked at the language of the rules relied on by the State, we are not convinced that the State has demonstrated error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error).

**District Court's Decision to Grant New Trial**

**{5}** In its docketing statement, the State argued that the district court erred by misapplying the required standard for granting a new trial in concluding that a miscarriage of justice may have occurred in light of the *Nichols* opinion. [DS 10-11] Similarly, the State contended that the district court erred in determining that *Nichols* is applicable to the instant case. [DS 11] Given Defendant's concern with causation in the present case and our Supreme Court's concern with causation in *Nichols*, we stated that we were not persuaded that the district court abused its discretion in "finding that a miscarriage of justice may have occurred." [CN 6 (quoting RP 926)]

**{6}** In response, the State argues that there was sufficient evidence of causation to support Defendant's conviction for one count of child abuse, with reckless disregard, resulting in death. [MIO 1, 5-9] However, regardless of whether there was sufficient evidence of causation, the jury was never asked to make the determination of causation. To the extent that the State claims that defense counsel did not err in failing to request a proximate cause jury instruction [MIO 9-12], we are not convinced. *Cf. Nichols*, 2016-NMSC-001, ¶ 38 ("For this Court to uphold a conviction of first-degree child abuse on a theory of endangerment by medical neglect, the statute requires proof of causation."); *id.* ¶ 39 ("Causation must be proved by substantial evidence."); *id.* ¶ 48 ("In addition to proving causation, the [s]tate had to offer substantial evidence that [the defendant's] conduct, in failing to provide medical care early enough, amounted to reckless disregard for the welfare and safety of [the child].").

4

{7}     Likewise, we are not persuaded that the district court abused its discretion by granting Defendant a new trial. *See State v. Chavez*, 1982-NMSC-108, ¶ 10, 98 N.M. 682, 652 P.2d 232 ("The trial court has broad discretion in granting or denying a motion for new trial, and such an order will not be reversed absent clear and manifest abuse of that discretion."); *State v. Marquez*, 1998-NMCA-010, ¶ 13, 124 N.M. 409, 951 P.2d 1070 ("An abuse of discretion will be found only when the [district] court's decision is clearly untenable or contrary to logic and reason.").

**District Court's Failure to Review Trial Transcript**

{8}     In its docketing statement, the State claimed that the district court erred by not reviewing the record from the second trial prior to ruling on Defendant's motion for reconsideration. [DS 11] In our notice of proposed disposition, we stated that, "given the nature of the legal issues raised in the motion for reconsideration, it [was] unclear how a review of the record from the second trial would have lead to a different result." [CN 7] Therefore, we proposed to affirm.

{9}     In its memorandum in opposition, the State relies on case law addressing motions for a new trial based on factual considerations. [MIO 12-13] However, the issue before the district court pertained to the jury instructions, and the State has not demonstrated how the district court's failure to review the transcript before ruling on this legal issue amounted to reversible error. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Aragon*, 1999-NMCA-060, ¶ 10.

5

{10} Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{11} **IT IS SO ORDERED.**

              _____

              **LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**