# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2019-NMCA-058**

**Filing Date: June 17, 2019**

**No. A-1-CA-36455**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

**v.**

**TERRELL WILLYARD,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Judge**

Certiorari Denied, September 10, 2019, No. S-1-SC-37818. Released for Publication October 29, 2019.

Hector H. Balderas, Attorney General
Santa Fe, NM
John J. Woykovsky, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
MJ Edge, Assistant Appellate Defender
Albuquerque, NM

for Appellee

## OPINION

**BOGARDUS, Judge.**

**{1}**    The State appeals from the district court's order that (1) set aside the jury verdict finding Defendant guilty of driving while under the influence of intoxicating liquor (DWI); (2) granted its own motion for a new trial; and (3) dismissed the case after concluding that retrial was not supported by the evidence. We reverse and remand.

**BACKGROUND**

**{2}** Defendant Terrell Willyard was charged with DWI, contrary to NMSA 1978, Section 66-8-102(A) (2016), following a single-vehicle collision in which Defendant's vehicle collided with a telephone pole. A witness heard Defendant's truck approaching, saw the collision, and then saw Defendant drive his truck from the scene and park it in the shadows behind a business. The witness called 911 and described the collision and Defendant. The witness lost sight of Defendant when Defendant walked away from the scene.

**{3}** A responding officer spotted Defendant a few blocks away. That officer and two assisting officers believed that Defendant displayed signs of intoxication. When he refused to submit to field sobriety tests and chemical testing, Defendant was placed under arrest and brought back to the scene for identification. Based on the witness's testimony, no more than twenty-one minutes passed from the time he lost sight of Defendant until the officers brought Defendant back to the scene.

**{4}** Defendant moved for a directed verdict at trial, both at the close of the State's evidence and after the defense rested, arguing the State presented no evidence that Defendant was intoxicated at the time he was driving. The district court denied both motions, and the jury found Defendant guilty of DWI.

**{5}** Following trial, and for the reasons cited in our discussion that follows, the district court, sua sponte, ruled that there was no evidence that Defendant's driving and impairment overlapped and granted Defendant a new trial. The district court then dismissed the case, concluding that Defendant could not be retried because there was insufficient evidence to sustain the jury's verdict. The State appeals.

**DISCUSSION**

**I.      The State Has a Right to Appeal the District Court's Ruling**

**{6}** We first address the question of whether the State has the right to appeal in this case. "The right to appeal is . . . a matter of substantive law created by constitutional or statutory provision." *State v. Armijo*, 2016-NMSC-021, ¶ 19, 375 P.3d 415. "We review issues of statutory and constitutional interpretation de novo." *Id.* (internal quotation marks and citation omitted).

**A.      The State Is an Aggrieved Party Under the New Mexico Constitution**

**{7}** The State argues that it has a "strong interest in enforcing a lawful jury verdict" and, therefore, as an aggrieved party, has a constitutional right to an appeal. *State v. Chavez*, 1982-NMSC-108, ¶ 6, 98 N.M. 682, 652 P.2d 232 (holding "that when the jury reaches a verdict after a trial which is fair and free from error, and such a verdict is set aside, the [s]tate is aggrieved within the meaning of the New Mexico Constitution"); *see State v. Heinsen*, 2005-NMSC-035, ¶ 9, 138 N.M. 441, 121 P.3d 1040 ("Article VI,

Section 2 of the New Mexico Constitution provides 'that an aggrieved party shall have an absolute right to one appeal.' This provision gives the [s]tate an absolute, constitutional right to appeal a ruling that is contrary to law."). Although Defendant notes that under *Chavez*, the State's right to appeal from a verdict that has been set aside exists only when the verdict is reached after a trial that is "fair and free from error," 1982-NMSC-108, ¶ 6, he fails to identify any trial errors that affected the jury's verdict or rendered the trial unfair. We are not obligated to review Defendant's undeveloped argument, *State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031, nor are we obligated to "search the record for facts, arguments, and rulings" to find support for Defendant's claim of error. *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. We will not scour the record in search of trial error or unfairness, and thus conclude that the State, as the aggrieved party in the instant case, has a right to appeal under *Chavez*.

**B.      The District Court's Ruling Did Not Constitute an Acquittal**

**{8}**      Defendant relies on *State v. Lizzol*, 2007-NMSC-024, 141 N.M. 705, 160 P.3d 886, to argue that the State has no "right to appeal an acquittal based on the insufficiency of the evidence[.]" The State argues *Lizzol* is distinguishable because the acquittal in that case was entered before the case was submitted to the jury. The State also argues double jeopardy does not bar this appeal because reversal would only lead to reinstatement of the jury's verdict. We agree with the State that *Lizzol* is not applicable here because the district court dismissed this case after the jury rendered its verdict.

**{9}**      In *Lizzol*, the defendant was charged with driving under the influence of intoxicating liquor. *Id.* ¶ 2. When the state attempted to lay the foundation for the breath alcohol test (BAT) card through the testimony of the arresting officer, the metropolitan court found the officer lacked knowledge to lay the proper foundation. *Id.* ¶¶ 3-4. The state then rested its case, and the metropolitan court entered a written order suppressing the card and dismissing the case, concluding there was insufficient evidence to proceed. *Id.* ¶ 4. The state ultimately appealed to the New Mexico Supreme Court, which explained that "an acquittal results when, after making an erroneous evidentiary ruling, the trial court concludes the evidence is insufficient to proceed[.]" *Id.* ¶ 15. The Court held, therefore, that double jeopardy barred the state's appeal because the defendant was acquitted when the trial court excluded the BAT card and concluded there was insufficient evidence to proceed. *Id.* ¶ 29.

**{10}**    Here, by contrast, the district court made no evidentiary ruling during trial that resulted in a determination that the evidence was insufficient to proceed, which is the specific and limited scenario addressed in *Lizzol*. Unlike the trial in *Lizzol*, the trial in this case was presented in its entirety, after which the district court determined that the evidence was sufficient to send the case to the jury, which then returned a guilty verdict. In this case, the district court addressed an evidentiary scenario applicable only to the granting of a new trial, and not a mid-trial evidentiary determination that mandated acquittal. Therefore, we conclude that the district court's ruling after the verdict was rendered did not operate as an acquittal under *Lizzol*. *See id.* ¶ 15. Furthermore,

because Defendant was not acquitted and reversal would not require a second trial, but rather reinstatement of the original verdict, we conclude that double jeopardy does not bar this appeal. *Cf. State v. Griffin*, 1994-NMSC-061, ¶ 12, 117 N.M. 745, 877 P.2d 551 ("Allowing an appeal after the second trial would not offend the prohibition against double jeopardy because reversal on appeal would not lead to another trial but to reinstatement of the original jury verdict.").

## II. The District Court Erred in Granting a New Trial

**{11}** Defendant contends that the district court's grant of a new trial, pursuant to Rule 5-614 NMRA, could be based on the legal insufficiency of the evidence. The State responds that the district court exceeded its authority by granting the motion based on what the court concluded was insufficient evidence. We agree with the State for the following reasons.

**{12}** Rule 5-614(A) provides, in relevant part, "When the defendant has been found guilty, the court on . . . its own motion, may grant a new trial if required in the interest of justice." This rule provides the district court with a limited opportunity to consider the verdict and, if warranted, grant a new trial before judgment is entered. Therefore, if such a motion is properly granted by the district court, there is no procedural violation when a judgment consistent with the verdict is not entered.

**{13}** In deciding a motion for a new trial, the district court "may weigh the evidence and consider the credibility of witnesses." *Griffin*, 1994-NMSC-061, ¶ 6 (internal quotation marks and citation omitted). A new trial can be granted and the verdict set aside only if the district court concludes that "the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted." *Id.* (internal quotation marks and citation omitted). "When the [district] court reaches this conclusion, it is stating not just that it disagrees, but that the evidence so heavily preponderates against the verdict that there evidently has been a miscarriage of justice." *Id.* ¶ 7. If the district court reaches that conclusion, "the verdict may be set aside and a new trial granted." *Id.* ¶ 6 (internal quotation marks and citation omitted).

**{14}** Such an inquiry is different than a sufficiency of the evidence determination. When a defendant challenges the sufficiency of the evidence at trial in a motion for directed verdict, the district court must "assume the truth of the evidence offered by the prosecution." *Id.* (emphasis, internal quotation marks, and citation omitted). When a motion for directed verdict is granted, it results in an acquittal barring even appellate review. *See Lizzol*, 2007-NMSC-024, ¶ 15. Based on these differences, we conclude that it would be inherently inconsistent to allow a motion for new trial to be granted based on insufficiency of the evidence when that insufficiency bars retrial. Therefore, when the district court granted the motion for new trial based on insufficiency of the evidence in this case, it did so in error.

**{15}** Our conclusion is supported by this Court's decision in *State v. Davis*, 1982-NMCA-057, 97 N.M. 745, 643 P.2d 614. In *Davis*, after the jury returned a guilty verdict,

"[the d]efendant moved for a judgment of acquittal notwithstanding the verdict." *Id.* ¶ 1. The district court set aside the jury's verdict and entered a judgment of not guilty, and the state appealed. *Id.* Concluding that the district court erred, this Court highlighted the mandatory language of NMSA 1978, Section 31-1-3 (1972), that criminal prosecutions "shall be commenced, conducted[,] and terminated in accordance with [r]ules of [c]riminal [p]rocedure. All pleadings, practice[,] and procedure shall be governed by such rules." *Davis*, 1982-NMCA-057, ¶ 10 (internal quotation marks and citation omitted). This Court stated that the term "shall" as used in that statute is mandatory, so "shall" in the rules of criminal procedure is also mandatory. *Id.* ¶ 11. This Court held that "[w]here . . . the [district] court failed to comply, after the verdict was received, with a mandatory rule of criminal procedure, the [s]tate has a right to appeal." *Id.* ¶ 3.

**{16}** In reaching that holding, the *Davis* Court reasoned that Rule 5-607 NMRA[1] requires "a determination of the sufficiency of the evidence before the case is submitted to the jury." *Davis*, 1982-NMCA-057, ¶ 14. After the verdict is returned by the jury, Rule 5-701(A) NMRA[2] "requires the [district] court to enter judgment in accordance with the verdict." *Davis*, 1982-NMCA-057, ¶ 14. This Court concluded the district court violated both Rule 5-607, by failing to rule on the sufficiency of the evidence before the case was submitted to the jury, and Rule 5-701, by entering a judgment of not guilty. *Davis*, 1982-NMCA-057, ¶¶ 12, 15. The Court "remanded with instructions to enter a judgment and sentence in compliance with" Rule 5-701. *Davis*, 1982-NMCA-057, ¶ 23.

**{17}** As we emphasized in *Davis*, a district court has two opportunities to rule on the sufficiency of the evidence during a trial. Both arise before the case is submitted to the jury: the first opportunity is after the state has submitted its evidence, Rule 5-607(E), and the second, after the defense presents its evidence or rests, Rule 5-607(K). No provision in our rules of criminal procedure allows a district court to consider the sufficiency of the evidence after the jury has returned its verdict and enter a judgment contrary to the jury's verdict.[3] *See Davis*, 1982-NMCA-057, ¶ 6 ("We note that a judgment notwithstanding a verdict is recognized by . . . the [r]ules of [c]ivil [p]rocedure but is not mentioned in the [r]ules of [c]riminal [p]rocedure."). In the instant case, the district court impermissibly revisited its rulings on the sufficiency of the evidence after the jury returned its verdict.

**{18}** It did so in the following manner. The day after the jury found Defendant guilty of DWI, the district court, sua sponte, moved for a new trial, pursuant to Rule 5-614. In its motion, the district court noted that: (1) no evidence was presented that Defendant's driving and impairment overlapped; (2) pursuant to *State v. Cotton*, 2011-NMCA-096,

---

[1] The *Davis* Court referred to this rule as "Rule of Criminal Procedure 40." *Davis*, 1982-NMCA-057, ¶ 14. For clarity and consistency, this opinion refers to the rule as it is now codified.

[2] The *Davis* Court referred to this rule as "Rule of Criminal Procedure 46." *Davis*, 1982-NMCA-057, ¶ 14. For clarity and consistency, this opinion refers to the rule as it is now codified.

[3] Such a scenario is different than what occurs when a court exercises its discretion under Rule 5-614. Under that rule, the court does not enter its own judgment in the matter; instead, it sets aside the verdict and orders a new trial.

150 N.M. 583, 263 P.3d 925, any connections between the driving and impairment had to result from impermissible speculation; and (3) there was insufficient evidence to sustain the jury's verdict.

**{19}** At the hearing on its motion, the district court explained that it was confused when it denied Defendant's motions for directed verdict because it mistakenly believed that testimony describing Defendant walking away from the collision "in a 'drunk-like' manner" had been introduced. Upon review, however, the district court determined that no such testimony was elicited at trial. The district court indicated it moved, pursuant to Rule 5-614, to remedy its prior confusion. After argument from the parties, the district court set aside the jury's verdict and, despite granting a new trial under the rule, concluded that retrial was precluded due to insufficient evidence, which effectively granted judgment to Defendant.

**{20}** It appears that the district court, having reconsidered the evidence and its previous rulings on Defendant's motions for directed verdict, intended its motion for a new trial to provide an opportunity to correct its previous rulings on the sufficiency of the evidence. However, as we held above, insufficiency of the evidence does not support a motion for a new trial. Additionally, we are unaware of, and Defendant has failed to cite, any authority indicating a district court can revisit its rulings on directed verdict motions after the jury has rendered its verdict. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists[.]"). To the contrary, the controlling authority—our rules of criminal procedure— required the district court to render a judgment in accordance with the jury's verdict. Rule 5-701(A). Had that judgment been rendered, Defendant would then have had the opportunity to challenge the sufficiency of the evidence on appeal. *See Davis*, 1982-NMCA-057, ¶ 16.

### III. Substantial Evidence Supported Defendant's Conviction for DWI

**{21}** The district court ruled that the State's evidence was insufficient to sustain Defendant's DWI conviction. Therefore, another appeal is likely to follow if we remand without addressing this issue. In the interest of conserving judicial resources, and because the parties have fully briefed the sufficiency issue, we now turn to whether the evidence introduced at trial is sufficient to sustain the conviction. *See id.* ¶ 17 (addressing the sufficiency of the evidence question to conserve judicial resources).

**{22}** "Whether there is sufficient evidence to support a conviction is a question of law which we review de novo." *State v. Neal*, 2008-NMCA-008, ¶ 20, 143 N.M. 341, 176 P.3d 330. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the

evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "Evidence of a direct or circumstantial nature is sufficient if a reasonable mind might accept the evidence as adequate to support a conclusion." *Neal*, 2008-NMCA-008, ¶ 20 (alteration, internal quotation marks, and citation omitted). We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{23}**   The State contends there is sufficient evidence to support all elements of DWI and, thus, the jury's guilty verdict. Defendant, relying on *Cotton*, argues there is insufficient evidence to support his conviction because the State failed to prove that his driving and impairment overlapped. For the following reasons, we are unpersuaded that *Cotton* is controlling here.

**{24}**   In *Cotton*, we reversed an aggravated DWI conviction because the state failed to provide evidence that the defendant actually drove while impaired. 2011-NMCA-096, ¶ 1. When the responding officer approached, the defendant was sitting in the driver's seat of a van parked on the side of the road. *Id.* ¶¶ 4-5. "The van was not running, and the keys were not in the ignition." *Id.* ¶ 5. The defendant failed field sobriety tests and admitted to drinking an hour before the officer arrived. *Id.* ¶ 6. At trial, "there was no evidence presented to prove that the driving and impairment overlapped. No one testified about seeing [the d]efendant driving while impaired." *Id.* ¶ 14. Additionally, because there was no evidence as to when the defendant had parked the van, we noted that the defendant could have parked the van and then consumed the beer. *Id.* We concluded the state "failed to establish that [the d]efendant drove *after* he had consumed alcohol and after alcohol had impaired his ability to drive to the slightest degree." *Id.*

**{25}**   *Cotton*, however, does not control this case because the following evidence leads us to conclude that there was sufficient circumstantial evidence introduced at trial to establish that Defendant's impairment and driving overlapped. *See, e.g., Town of Taos v. Wisdom*, 2017-NMCA-066, ¶ 38, 403 P.3d 713 (distinguishing *Cotton* when there were witnesses to the defendant's driving and sufficient circumstantial evidence "allow[ed] for an inference that [the d]efendant drove while intoxicated").

**{26}**   First, a witness testified he heard Defendant's truck as it approached and saw it collide with a telephone pole. This witness estimated that Defendant was traveling at forty-five to fifty miles per hour prior to the collision. Under these facts and circumstances, a reasonable juror could infer that the collision itself was evidence of Defendant's impairment at the time he operated the vehicle.[4] This evidence of Defendant's driving alone significantly distinguishes this case from the circumstances in *Cotton*.

---

[4]Defendant contends that an inference of intoxication based on the collision is impermissible speculation, but cites no authority in support. *See Vigil-Giron*, 2014-NMCA-069, ¶ 60.

**{27}** Second, responding officers testified that Defendant smelled of alcohol; had bloodshot, watery eyes; and was swaying back and forth when they encountered him less than twenty-one minutes after the collision. This evidence supports an inference that Defendant had consumed alcohol and further bolsters the inference that Defendant was impaired when he operated and crashed the vehicle less than half an hour previously. Although defense counsel suggested that Defendant could have become intoxicated between the time he was driving and his encounter with the officers, no evidence was offered to support the suggested inference. Nevertheless, the jury was free to reject Defendant's version of events. *See State v. Salazar*, 1997-NMSC-044, ¶ 46, 123 N.M. 778, 945 P.2d 996.

**{28}** Third, the State presented the following evidence from which a reasonable juror could infer Defendant's consciousness of guilt. Following the collision, Defendant moved his truck into the shadows behind a business and left the scene without reporting the collision. Defendant also futilely attempted to hide behind a pole as an officer approached. Defendant then refused to submit to field sobriety and chemical testing. *See State v. Wright*, 1993-NMCA-153, ¶ 15, 116 N.M. 832, 867 P.2d 1214 (reasoning that a jury could infer consciousness of guilt from a defendant's refusal to take a field sobriety test); *see also McKay v. Davis*, 1982-NMSC-122, ¶ 16, 99 N.M. 29, 653 P.2d 860 (holding that "a defendant's refusal to take a chemical test is relevant to show his consciousness of guilt and fear of the test results").

**{29}** Viewing the evidence in the light most favorable to the verdict and indulging all reasonable inferences, we conclude that substantial evidence supported Defendant's conviction for DWI. *See Wisdom*, 2017-NMCA-066, ¶ 35 ("Circumstantial evidence alone may be sufficient to allow a fact-finder to infer that the accused drove while intoxicated.").

## CONCLUSION

**{30}** We reverse the district court's order setting aside the jury's verdict and remand with instructions to enter a judgment and sentence in accordance with the jury's verdict.

**{31}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**