This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39592**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**EDDIE GOMEZ,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Brittany Maldonado Malott, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Patrick J. Martinez & Associates
Patrick J. Martinez
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**    Defendant Eddie Gomez appeals his metropolitan court bench trial conviction of aggravated driving under the influence (DWI) (first offense), contrary to NMSA 1978, Section 66-8-102(D)(1) (2016). Defendant argues that the State provided insufficient evidence to establish an overlap between Defendant's driving and his impairment. We affirm.

**BACKGROUND**

**{2}** On February 26, 2020, at about 2:19 a.m., Officer Brown was dispatched to investigate a vehicle being driven with broken windows and flat tires. Officer Brown arrived at the scene about seven minutes after dispatch and located the vehicle, which was parked, but no one was inside. Officer Brown then made contact with Defendant and his girlfriend who were 50 to 100 yards away from the vehicle. Defendant initially ignored Officer Brown. When Defendant finally spoke, Officer Brown testified it was with heavily slurred speech and that Defendant smelled strongly of alcohol. Defendant first told Officer Brown that his girlfriend drove the vehicle, but then admitted having driven the vehicle himself to the parking lot where it was located. Defendant also admitted to consuming three or four alcoholic drinks within the previous two hours. Defendant failed multiple field sobriety tests and was arrested for driving under the influence. Officer Brown testified that his decision to arrest Defendant was based on Defendant's admission to driving the vehicle, his possession of the vehicle's keys, his admission that he had been drinking, and his poor performance on the field sobriety tests. Defendant submitted to a breath alcohol test at 3:13 a.m., which showed a blood alcohol content (BAC) of .17.

**DISCUSSION**

**{3}** Defendant contends that Officer Brown's testimony failed to establish a timeline of events sufficient to connect his intoxication and driving. As a result, Defendant argues, the evidence that he drove while impaired is impermissibly speculative. We disagree.

**{4}** When reviewing for sufficiency, we view the evidence in the light most favorable to the verdict, then determine "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Trossman*, 2009-NMSC-034, ¶ 16, 146 N.M. 462, 212 P.3d 350 (internal quotation marks and citation omitted). We "indulg[e] all reasonable inferences and resolv[e] all conflicts in the evidence in favor of the verdict." *State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891 (internal quotation marks and citation omitted). In reviewing for sufficiency, "[t]he reviewing court does not weigh the evidence or substitute its judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict." *Id.* (alteration, internal quotation marks, and citation omitted).

**{5}** Circumstantial evidence alone may be sufficient to allow a trier of fact to infer that the accused drove while impaired. *See State v. Mailman*, 2010-NMSC-036, ¶ 28, 148 N.M. 702, 242 P.3d 269 (holding that actual physical control of the vehicle "is not necessary to prove DWI unless there are no witnesses to the vehicle's motion and insufficient circumstantial evidence to infer that the accused actually drove while intoxicated" (emphasis omitted)). Our Supreme Court explained that "[s]uch evidence may include the accused's own admissions, the location of the vehicle next to the

highway, or any other similar evidence that tends to prove that the accused drove while intoxicated." *Id.*

**{6}** It is undisputed that Defendant's admission of driving the vehicle with two flat tires and possession of the vehicle's keys is sufficient circumstantial evidence for the fact-finder to infer that Defendant drove the vehicle to the parking lot where Officer Brown located it. *See id.* ¶ 24 (finding admissions alone are sufficient for the jury to infer guilt of driving while intoxicated). It is also undisputed that Defendant was impaired. Therefore, the issue in this case is whether there is sufficient circumstantial evidence to conclude that Defendant's driving and impairment overlapped.

**{7}** Defendant argues that this case is similar to *State v. Cotton*, 2011-NMCA-096, ¶ 1, 150 N.M. 583, 263 P.3d 925, in which the state failed to provide sufficient evidence that the defendant actually drove while impaired. In *Cotton*, the officer responded to a report of a possible domestic incident occurring in a van parked roadside. *Id.* ¶ 4. The defendant was in the driver's seat and admitted he consumed twenty-four ounces of beer one hour earlier. *Id.* ¶¶ 5-6. The court reasoned "there was no evidence regarding when [the d]efendant parked the van. [The d]efendant could have parked and then consumed the beer. *Id.* ¶ 14. Because of this missing element, the jury was not able to infer that the defendant "drove after he had consumed alcohol and after alcohol had impaired his ability to drive to the slightest degree." *Id.* (emphasis omitted). The Court concluded that the evidence was insufficient to prove that the defendant operated a motor vehicle while impaired. *Id.* ¶ 15.

**{8}** We disagree with Defendant's contention that *Cotton* controls. To the contrary, the evidence introduced at trial leads us to conclude that our case is more similar to *State v. Willyard*, in which this Court concluded that there was sufficient circumstantial evidence to establish the overlap of impairment and driving. 2019-NMCA-058, ¶ 29, 450 P.3d 445. This Court reached that conclusion based on a number of circumstances: there was a witness to the collision, the defendant had bloodshot and watery eyes, there was evidence that the defendant tried to conceal his truck and then left the scene, as well as of the defendant's attempt to hide from the officer, and his subsequent refusal to submit to sobriety testing. *Id.* ¶¶ 26-28. Additionally, the responding officers encountered the impaired defendant less than twenty-one minutes after the collision was reported. *Id.* ¶ 27.

**{9}** The evidence here is analogous to *Willyard* in several ways. A witness observed the vehicle with flat tires being driven and reported it. Officer Brown was dispatched shortly after the call was received and arrived at the scene about seven minutes later. He located the vehicle, encountered Defendant and his girlfriend shortly thereafter, and immediately observed signs of Defendant's impairment. Additionally, there is evidence of unusual driving—Defendant was driving a vehicle with flat tires—that can be considered circumstantial evidence of impairment. *See id.* ¶ 26 (holding that driving into a telephone pole at a high speed was evidence of impairment).

**{10}** Defendant claims that Officer Brown did not testify how long it took him to arrive at the scene and "inferring that he responded quickly simply because it was a 911 call only allows speculation." Contrary to Defendant's contention, Officer Brown specifically testified that he arrived at the parking lot approximately seven minutes after receiving the dispatch. Thus, the fact-finder could have reasonably inferred that the seven-minute period from the time Officer Brown received the dispatch and arrived on the scene was not enough time for Defendant to have consumed sufficient alcohol to result in impairment. *See State v. Alvarez*, 2018-NMCA-006, ¶ 16, 409 P.3d 950 (holding that "[t]he jury could reasonably have inferred that a five-minute lapse was not enough time for [the d]efendant to have consumed enough alcohol to result in impairment").

**{11}** Moreover, the State presented evidence from which the trier of fact could infer Defendant's consciousness of guilt. Defendant abandoned the car in the middle of the night, initially ignored Officer Brown, and made inconsistent statements about whether he had driven the vehicle: all evidence from which a reasonable fact-finder could infer Defendant's consciousness of guilt. *See Willyard*, 2019-NMCA-058, ¶ 28 (determining the state presented evidence of the defendant's consciousness of guilt where the defendant hid his truck after the collision, attempted to hide when an officer approached, and refused to take field sobriety tests).

**{12}** In sum, the evidence establishes that Defendant drove the vehicle with flat tires, Officer Brown made contact with Defendant shortly after the dispatch call, Defendant failed standard field sobriety tests, admitted to consuming alcohol "less than two hours" earlier, and had a BAC of .17. Viewing all the evidence in the light most favorable to the guilty verdict, there is sufficient circumstantial evidence for the metropolitan court to determine that Defendant drove the vehicle while he was impaired.

**CONCLUSION**

**{13}** For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**