This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41850

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.

RAMON SEGURA,

Defendant-Appellant.

APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY
Nina Safier, Metropolitan Court Judge

Raúl Torrez, Attorney General
Peader Séamas Ó Conchobhair, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## DECISION

BACA, Judge.

{1}     Following a bench trial in metropolitan court, Defendant Ramon Segura was convicted of first offense aggravated driving while under the influence of alcohol (aggravated DWI), contrary to NMSA 1978, Section 66-8-102(D)(3) (2016). For the reasons that follow, we affirm Defendant's conviction.

**{2}** On August 13, 2023, an accident occurred on the northbound lane of Interstate 25 (I-25) near the Montgomery exit in Albuquerque, New Mexico. The accident involved one car hitting another car from behind. The driver of the car that hit the other car fled the scene of the accident on foot. As he fled, the driver jumped a fence, which enclosed a Federal Bureau of Investigation (FBI) compound. The driver was detained by FBI security personnel.

**{3}** The Albuquerque Police Department (APD) officer investigating the accident was informed by dispatch that a man matching the fleeing driver's description was detained at an FBI security building near the scene of the accident. The officer drove to the FBI compound and arrested Defendant for driving under the influence. Defendant was later convicted of aggravated DWI.

**{4}** On appeal, Defendant claims that there was insufficient evidence to support his conviction. Specifically, Defendant contends (1) that "there was no specific direct evidence that [Defendant] was operating the car when it was involved in the crash. All the evidence that [Defendant] was driving was circumstantial"; and (2) that "[t]here was . . . insufficient evidence of intoxication at the time of [Defendant]'s alleged driving."

**{5}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We will not "re[]weigh the evidence to determine if there was another hypothesis that would support innocence or replace the fact-finder's view of the evidence with the appellate court's own view of the evidence." *State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (alterations, internal quotation marks, and citation omitted). Ultimately, the question we must answer is "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* ¶ 20 (internal quotation marks and citation omitted).

**{6}** To convict Defendant of aggravated DWI, the State was required to prove that (1) Defendant operated a motor vehicle; (2) at that time Defendant "was under the influence of intoxicating liquor," meaning that "as a result of drinking liquor [D]efendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear

judgment and steady hand necessary to handle a vehicle with safety to the person and the public"; and (3) Defendant "refused to submit to chemical testing." *See* UJI 14-4508 NMRA; *see also* § 66-8-102(D)(3) (stating that aggravated DWI consists of "refusing to submit to chemical testing . . . and in the judgment of the court, based upon evidence of intoxication presented to the court, the driver was under the influence of intoxicating liquor or drugs"). Defendant contests only the first and second elements.

**{7}** After a thorough review of the briefs, applicable law, and record, we disagree with Defendant's contentions and hold that substantive evidence supports Defendant's conviction for aggravated DWI. Below we set out the evidence that supports Defendant's conviction.

**{8}** As to the issue of driving, the following evidence established that Defendant drove the car involved in the accident:

1. Eyewitness Jordan Smith testified that he was driving on I-25 on August 13, 2023, at approximately 12:35 a.m. when he became aware of an accident. Mr. Smith stopped to check on a car he believed was involved in the accident. Mr. Smith testified that he saw Defendant get out of the car and that he spoke with Defendant briefly. Mr. Smith testified that when he mentioned calling police to Defendant, Defendant motioned for him not to. Mr. Smith further testified that he saw Defendant leave the scene of the accident by jumping the freeway guardrail, running to the frontage road, and removing his buttoned shirt, leaving on a white tank top. Mr. Smith testified that he told police that Defendant was in his late thirties to early forties, was Hispanic, and that he was wearing khaki pants and a white button shirt. Mr. Smith identified Defendant as the person he saw get out of the car and with whom he spoke at the scene of the accident;

2. APD Officer Cheromiah, the investigating officer, testified that, while he was at the scene of the accident, dispatch informed him that a man matching the fleeing driver's description (Defendant) was detained at a nearby FBI security building; that he left the scene of the accident and drove to the FBI security building, where he encountered Defendant; and that he arrested Defendant for driving while intoxicated; and

3. There was no evidence that someone other than Defendant occupied the car from which Defendant got out of or that someone other than Defendant was the driver of that car.

**{9}** As to the issue of intoxication, the following evidence established that Defendant was under the influence of intoxicating liquor (impaired to the slightest degree) at the time he drove the car that was involved in the accident:

1. The speed at which Defendant drove his car, as evidenced by the fact that Defendant was unaware that the vehicle in front of him was slowing down, demonstrated that Defendant was less able to the slightest degree, either mentally or

physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public because he was unaware that traffic ahead of him was slowing to a stop;

2. Defendant appeared "lethargic" and had slowed speech in the lapel video;

3. Mr. Smith testified that he believed Defendant was intoxicated because when they spoke Mr. Smith smelled liquor on Defendant's breath;

4. Officer Cheromiah testified that he could smell alcohol on Defendant's breath when he spoke with Defendant at the FBI compound;

5. Officer Cheromiah testified that fellow officers found empty alcoholic beverage containers in the car Defendant was allegedly driving; and

6. Defendant did not want police to be called to the scene of the accident, Defendant fled from the scene of the accident, and Defendant refused to submit to a breathalyzer test, all of which are evidence of consciousness of guilt. *See State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (explaining that "[a] jury may infer [the d]efendant's consciousness of guilt and fear of the test results from [the d]efendant's refusal to take a breath test"), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 142 N.M. 32, 275 P.3d 110; *see also State v. Willyard*, 2019-NMCA-058, ¶ 28, 450 P.3d 445 (finding that the defendant's moving of his truck from the scene of the accident to the shadows behind a business, leaving the scene without reporting the accident, attempting to hide from police, and refusing field sobriety and chemical testing was evidence of his consciousness of guilt).

{10} Based on the evidence discussed above, we conclude that "any rational trier of fact could have found the essential elements of [aggravated DWI] beyond a reasonable doubt." *Holt*, 2016-NMSC-011, ¶ 20 (internal quotation marks and citation omitted). Defendant's conviction for aggravated DWI (first offense) is therefore, affirmed.

{11} IT IS SO ORDERED.

GERALD E. BACA, Judge

WE CONCUR:

J. MILES HANISEE, Judge

KATHERINE A. WRAY, Judge