This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38805**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**CLAYTON WHITEHEAD,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**    Defendant appeals his conviction for battery on a peace officer following a jury trial. In this Court's amended notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Remaining unpersuaded, we deny Defendant's motion to amend the docketing statement and affirm Defendant's conviction.

**{2}**    Defendant seeks to amend the docketing statement to add the issue of whether the district court erred in denying Defendant's request for a self-defense jury instruction.

[MIO 8] Defendant acknowledges that UJI 14-5185 NMRA addresses circumstances where a defendant claims to have acted in self-defense against the use of excessive force by a peace officer and that this Court is bound by the Supreme Court's application of UJI 14-5185, as explained in *State v. Ellis*, 2008-NMSC-032, 144 N.M. 253, 186 P.3d 245. [MIO 12-15] Nevertheless, Defendant asserts that the more appropriate self-defense instruction to his case, and that which the jury should have been provided, is UJI 14-5181 NMRA, describing self-defense in the non-officer context. [MIO 9-11] Irrespective of which instruction was most applicable to his case, Defendant claims that both were supported by the evidence, and that the denial of a self-defense instruction prevented him from making "the only argument available in this case—that he feared for his safety and reacted reasonably because of that fear." [MIO 15-16]

{3}     In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. To show good cause, the essential requirements are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *Moore*, 1989-NMCA-073, ¶ 42. For the reasons discussed below, we conclude that Defendant's motion to amend is not viable.

{4}     Defendant here sought to instruct the jury that he acted in self-defense when he kicked and/or elbowed the officer. [RP 69] However, Defendant testified in his own defense and stated that he did not intend to do either action. [RP 168] Instead, Defendant characterized his kick as a "reflexive" response to the pain caused when the officer kicked open his injured leg [MIO 4; RP 168], and he testified that he did not remember throwing his elbow back and did not strike the officer with his elbow intentionally, if it occurred at all. [MIO 5; RP 168] We consider Defendant's own testimony dispositive of his motion to amend.

{5}     Both UJI 14-5185 and UJI 14-5181 require that a defendant have been placed in fear of immediate bodily harm and, because of that fear, to have undertaken the act claimed to be done in self-defense using only the amount of force that the defendant believed was both reasonable and necessary to prevent the bodily harm. *See* UJI 14-5185(2)-(4); UJI 14-5181(2)-(3). Thus, to warrant the giving of either self-defense instruction, Defendant was required to produce evidence supporting a reasonable inference effectively conceding the intentionality of Defendant's actions—either on grounds of "necessary defense of self against any unlawful action; reasonable grounds to believe a design exists to commit an unlawful act; or reasonable grounds to believe a design exists to do some bodily harm[,]" UJI 14-5181 use note 1; or based on the limited right to intentionally defend oneself "against excessive force by a peace officer[,]" UJI 14-5185 use note 1. *Cf. State v. Lucero*, 2010-NMSC-011, ¶ 14, 147 N.M. 747, 228 P.3d 1167 (explaining that "the fundamental distinction between self-defense and accident is the defendant's mental state" and defining an action done in self-defense as

"intentional in nature, but justified by the imminent threat to the defendant's life or limb"). Accordingly, because Defendant instead testified that his actions were unintentional, we deny his motion to amend on the basis that Defendant has not shown that the issue is viable. *See Rael*, 1983-NMCA-081, ¶¶ 15-16; *see also Lucero*, 2010-NMSC-011, ¶ 11 (noting that there needs to be evidence sufficient to raise a reasonable doubt in the minds of the jury as to whether or not the defendant acted in self-defense, for a defendant to be entitled to a self-defense jury instruction).

**{6}**     Turning to the remaining claims in Defendant's memorandum in opposition, Defendant provides additional context and argument for his docketing statement's first assertion that the district court erred in denying defense counsel's in-trial request for a continuance [MIO 16-26], and simply reasserts his second contention that the district court erred by denying his motion for a new trial related to potential juror inattention. [MIO 26] As to Defendant's second issue, Defendant has not asserted any fact, law, or argument in his memorandum in opposition that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We therefore address only Defendant's argument as related to the denial of a continuance.

**{7}**     In our notice of proposed disposition, we noted that Defendant's in-trial motion to continue was requested "for purposes of gathering more evidence" [CN 1] and suggested that the factors outlined in *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20, did not weigh in Defendant's favor because of the substantial inconvenience an eleventh hour continuance would cause to the court, the State, the witnesses who were already present to testify, and the empaneled jury; and because Defendant did not develop his claims related to the evidence sought to be obtained, including whether such additional evidence existed and would be admissible, and the length of time needed to gather such evidence. [CN 2-4]

**{8}**     In his memorandum in opposition, Defendant has not addressed our analysis of the factors outlined in *Torres*, 1999-NMSC-010, ¶ 10. He instead has more specifically identified the basis for his request for a continuance—to secure the attendance of two rebuttal witnesses and to obtain Defendant's medical records—and, based on this information, argues that the *Torres* factors weigh in his favor. [MIO 17-26] Specifically, Defendant, without citation to the record, makes conclusory assertions that the length of the requested delay was minimal as the district court "could have simply recessed for the evening" [MIO 17]; the defense motives in requesting the delay were legitimate as the evidence would have been critical to his defense, and his fault in causing the delay was minimal and not in bad faith because Defendant "had not expected to go to trial that day" [MIO 18]; and "the State would have suffered no inconvenience by postponing trial"

[MIO 23], whereas Defendant was forced to trial without key evidence and witnesses as a result of the district court's denial of continuance [MIO 24]. However, as we noted in our notice of proposed disposition, at the time the district court denied Defendant's motion for a continuance, which was made in the middle of trial and after the jury was empaneled and the State had begun presenting its case-in-chief, the only information that defense counsel provided to the district court was that the request for continuance was made at Defendant's request and for the purpose of "gathering more evidence." [CN 1]

{9}     Our review of the district court's denial of Defendant's motion for continuance is limited to the information conveyed to the district court at the time the motion was both made and denied. *See State v. Perez*, 1980-NMSC-143, ¶ 5, 95 N.M. 262, 620 P.2d 1287 (providing that the district court does not possess the luxury of hindsight and that appellate review of the district court's denial of motion to continue is based on the facts known to the district court at the time); *cf. Campos Enters. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 ("This Court reviews the case litigated below, not the case that is fleshed out for the first time on appeal." (alteration, internal quotation marks, and citation omitted)). We therefore reject Defendant's analysis, contained in his memorandum in opposition, of the *Torres* factors, as it is based on facts not conveyed to the district court at the time it denied Defendant's motion for continuance. *See Perez*, 1980-NMSC-143, ¶ 5. Moreover, given that Defendant testified that his actions were unintentional, we are not convinced by Defendant's claim of prejudice. [MIO 25] *See id.* ¶ 6 ("It is a well settled standard of appellate review of rulings on motions for continuances that granting or denying continuances is within the sound discretion of the trial court, and in the absence of demonstrated abuse resulting in prejudice to the defendant there is no ground for reversal.").

{10}     In addition, in his memorandum in opposition, Defendant devotes significant attention to his claim that he needed a continuance to secure witness testimony. [MIO 18-23] Defendant, however, never requested a continuance to secure the attendance of any witness. *See State v. Padilla*, 1978-NMCA-066, ¶ 15, 91 N.M. 800, 581 P.2d 1295 (concluding that the district court did not err in failing to grant a continuance when a continuance was never requested). Instead, following the district court's denial of his motion for continuance and during the State's case-in-chief, Defendant requested the court's permission to "call [previously undisclosed] witnesses." [DS 6, 11, 14; RP 160] While the district court granted Defendant's request to elicit testimony from these previously undisclosed witnesses, it noted that, in the absence of a subpoena for any rebuttal witness, their presence in court, or any indication as to how to secure their presence in court, it would not delay the proceedings. [RP 166] To the extent that Defendant now attempts to relate the district court's statement that it would not delay the proceedings for these witnesses to the district court's denial of his motion for continuance [MIO 18-23], we are not persuaded. There is no indication that Defendant presented facts to the district court to establish the need for a continuance to secure this witness testimony or to otherwise support his conclusory statement on appeal that "the defense acted with reasonable diligence to produce its witnesses." [MIO 23]

**{11}** Defendant has not otherwise asserted any fact, law, or argument in his memorandum in opposition that persuades us that our notice of proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *see also Hennessy*, 1998-NMCA-036, ¶ 24. Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm Defendant's conviction and deny his motion to amend the docketing statement.

**{12}   IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**